UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00170-GNS-HBB

DEAN EDWARD MALONE                                                                    PLAINTIFF

v.

DEPARTMENT OF THE TREASURY, et al.                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss (DN 4), Plaintiff's Motions

to Compel (DNs 5, 6), and Defendants' Motion to Dismiss (DN 14).  The motions are ripe for

adjudication.  For the reasons that follow, Defendants' motion is **GRANTED**, and Plaintiff's

motions are **DENIED**.

**I.        BACKGROUND**

Pro se Plaintiff Dean Edward Malone ("Malone") asserts the instant action against the

Department of the Treasury ("Department"), the Internal Revenue Service ("IRS"), and four IRS

employees ("Individual Defendants") (collectively "Defendants").  (Am. Compl. 1, DN 8).

Malone asserts three types of claims against Defendants:  (1) claims for violations of the Freedom

of Information Act; (2) claims for violations of certain federal statutes; and (3) a claim for a tax

refund.  (Am. Compl. ¶¶ 1, 34-42).  Defendants have moved to dismiss Malone's claims, to which

Malone did not respond.  (Defs.' Mot. Dismiss, DN 14).  Malone has also filed three motions:  (1)

a motion to have a Notice of Deficiency sent by the IRS to him declared as invalid; (2) a motion

to prevent the IRS from collecting on that Notice of Deficiency; and (3) a motion to compel the

Commissioner of the IRS to respond to a subpoena.  (Pl.'s Mot. Dismiss 1-7, DN 4; Pl.'s Mot.

Compel Cease & Desist 1-4, DN 5; Pl.'s Mot. Compel Subpoena Answer 1-3, DN 6).  Although

1

Defendants responded to these motions, Malone did not reply. (Defs.' Combined Resp. Pl.'s Mots., DN 15). The motions are ripe for decision.

## II.     STANDARD OF REVIEW

Defendants have offered numerous reasons for dismissal of Malone's claim grounded in either Fed. R. Civ. P. 12(b)(1), i.e., lack of subject-matter jurisdiction, or 12(b)(6), i.e., failure to state a claim upon which relief can be granted.[1]

### A.     Subject Matter Jurisdiction

Fed. R. Civ. P. 12(b)(1) allows a defendant to dismiss a plaintiff's claims for lack of subject-matter jurisdiction. "Subject matter jurisdiction is always a threshold determination." *Am. Telecon Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citation omitted). In contrast:

> A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists.

*DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004), *overruled on other grounds by Knick v. Twp. of Scott*, 130 S. Ct. 2162 (2019) (citations omitted). "Where subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to

---

[1] The Individual Defendants have also moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(5), i.e., insufficient service of process. (Defs.' Mem. Supp. Mot. Dismiss 2-4, DN 14-1). The Sixth Circuit has instructed that a pro se litigant should be afforded "significant leeway" in complying with service rules. *Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003). Regardless, as outlined in this opinion, the entirety of this action is properly dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) so addressing the Individual Defendants' insufficient service of process argument is unnecessary. The dismissal of this action also renders moot Malone's motion seeking to compel a response by the Commissioner of the IRS to his subpoena. (Pl.'s Mot. Compel Subpoena Answer 1-3). Malone subpoenaed the Commissioner for the sole purpose of obtaining "the addresses of the above-named defendants . . . so they can be properly served with the complaint." (Pl.'s Mot. Compel Subpoena Answer 2). Again, the completion of service in this case is moot as all of Malone's claims are dismissed for other reasons.

survive the motion." *Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n*, 287 F.3d 568, 573 (6th Cir. 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

###### B. Failure to State a Claim

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted).

To survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a defendant's motion to dismiss, the Court will "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005). "A pleading that offers labels and conclusions or a

3

formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

It is true that "pro se complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys." *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358 (6th Cir. 2012) (citation omitted). However, "courts have not been willing to abrogate basic pleading essentials in pro se suits. . . . [T]he less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Perry v. United States*, 90 F. App'x 860, 861 (6th Cir. 2004) (internal citation omitted) (citation omitted). "The Court's duty to construe a pro se complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet for Families & Children*, No. 3:07-CV-11-S, 2007 WL 2462184, at *4 (W.D. Ky. Aug. 29, 2007) (citation omitted). "Courts are not required to entertain a pro se plaintiff's claim that 'defies comprehension' of allegations that amount to nothing more than 'incoherent ramblings.'" *Green v. Bornstein*, No. 3:17-cv-201-DJH-DW, 2018 WL 2392550, at *1 (W.D. Ky. May 25, 2018) (citation omitted).

### III.   DISCUSSION

### A.   Malone's Efforts to Preclude Tax Collection Against Him

In two of his motions, Malone essentially asks this Court to prohibit the IRS from collecting taxes against him. (Pl.'s Mot. Dismiss 1-7; Pl.'s Mot. Compel Cease & Desist 1-4). However, Malone does not articulate how he can obtain such relief against application of the Anti-Injunction Act, which provides that "no suit for the purpose of restraining the assessment or collection of any

tax shall be maintained in any court by any person" and divests courts of subject-matter jurisdiction over such claims.  26 U.S.C. § 7421(a); *CIC Servs., LLC v. Internal Revenue Serv.*, 925 F.3d 247, 250 (6th Cir. 2019).  "Federal law does not permit a taxpayer to file a challenge to a deficiency notice in a federal district court unless the taxpayer pays the contested amount in full before filing suit."  *Cooper v. Commissioner*, 718 F.3d 216, 221 (3d Cir. 2013) (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7-8 (2008)).  Malone's requested relief, for the Court to declare the deficiency notice invalid and to preclude the IRS from collecting taxes from him, obviously indicates that he has not yet paid the deficiency the IRS has assessed on him.  Therefore, to the extent that Malone asserts claims for such relief, those claims will be dismissed and such relief denied.

### B.    Malone's Claim for a Refund

To the extent Malone asserts a claim for a refund:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary . . . .

26 U.S.C. § 7422(a).  The Internal Revenue Code provides that a "[c]laim for credit or refund of an overpayment of any tax imposed . . . shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ."  26 U.S.C. § 6511(a).  "[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court."  *United States v. Dalm*, 494 U.S. 596, 602 (1990) (internal citations omitted) (citing *United States v. Kales*, 314 U.S. 186, 193 (1941)).  In other words, "[u]nless these steps are taken, a federal court

does not have jurisdiction to consider the merits of the taxpayer's claim against the IRS." *Thomas v. United States*, 166 F.3d 825, 828-29 (6th Cir. 1999) (citations omitted).

Because Defendants make a factual subject matter jurisdiction attack, Malone bears the burden of showing that the evidence of record supports the existence of subject matter jurisdiction over his refund claim. *See Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014) ("A factual attack challenges the factual existence of subject matter jurisdiction.  In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case.  Plaintiff bears the burden of establishing that subject matter jurisdiction exists." (citations omitted)).  Besides containing Malone's tax returns, the record is devoid of any information regarding Malone's attempt to assert a refund claim.  (Am. Compl. Ex. A, DN 8-1; Compl. Ex. A, DN 1-1).

It is true that "[a] properly executed individual . . . income tax return or an amended return . . . shall constitute a claim for refund or credit within the meaning of . . . section 6511 for the amount of the overpayment disclosed by such return (or amended return)."  Treas. Reg. § 301.6402-3(a)(5).  As the U.S. Court of Federal Claims has noted, however:

> A broad constellation of cases has held that a return which lacks essential financial information and, in particular, contains no recitation of [the] taxpayer's income, is not a properly executed return for purposes of the tax laws.  While the tax issues in these cases have run the gamut, and include what is a "return" for criminal tax purposes, numerous opinions have applied these same principles in concluding that forms lacking essential financial information do not constitute "properly executed" returns for purposes of the refund claim provisions of section 301.6402-3(a)(5).

*Hamzik v. United States*, 64 Fed. Cl. 766, 767-68 (Fed. Cl. 2005) (internal citations omitted) (citations omitted).  Malone seeks a refund for tax years 2014, 2016, 2017, and 2018.  (Am. Compl. ¶¶ 40-42).  His tax returns for those years, however, list no income, even though Malone indicated on those same returns that he was employed.  (Compl. Ex. A, at 2-3; Am. Compl. Ex. A, at 8-10, 14-16, 20-22).  Malone's tax returns in this regard therefore cannot constitute properly executed individual income tax returns, meaning Malone has not satisfied his burden of showing proper subject matter jurisdiction over his refund claim.

For these reasons, Count III of Malone's Complaint will be dismissed.

### C.    Claims for Violations of Federal Statutes

In Count II of his Amended Complaint, Malone lists a myriad of statutes that he alleges Defendants violated and purportedly seeks to maintain a civil suit based on those violations.  (Am. Compl. ¶ 39).  The first group of statutes include 18 U.S.C. §§ 241, 872, 876, 1018, 1341, 1505, and 1957.  (Am. Compl. ¶ 39).  The Sixth Circuit, however, "has declined to infer causes of action under [federal] criminal statutes."  *Milgrom v. Burstein*, 374 F. Supp. 2d 523, 529 (E.D. Ky. 2005) (citing *Taylor v. Brighton Corp.*, 616 F.2d 256 (6th Cir. 1980); *Chumney v. Nixon*, 615 F.2d 389 (6th Cir. 1980)).  Moreover, to the extent that Malone requests this Court to sentence Defendants "to the maximum prison sentence allowed by law" for their purported violations of the aforementioned statutes, "[a]s a private citizen, [Malone] has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."  (Am. Compl. ¶ 39); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (citations omitted).

Malone also identifies 26 U.S.C. § 7214(a)(1)-(3) as a statute through which he seeks to maintain a private right of action.  (Am. Compl. ¶ 39).  However, "a taxpayer may file suit for damages under this section only after a criminal conviction against the revenue officer or agent

has been procured under this section." *Overton v. United States*, 44 F. App'x 932, 933-34 (10th Cir. 2002) (citations omitted). Malone has not indicated that any of the defendants in this case have been criminally convicted under Section 7214, so Malone cannot maintain a private right of action under this statute either.

Finally, Malone simply identifies the "Taxpayer Bill of Rights" as a source of his requested civil remedy. (Am. Compl. ¶ 39); *see generally* 26 U.S.C. § 7433. As an initial matter, "[b]ecause filing a suit against the United States is a taxpayer's exclusive remedy [under Section 7433], taxpayers cannot maintain an action against the IRS or its officers in their individual capacities." *Holt v. Davidson*, 441 F. Supp. 2d 92, 97 (D.D.C. 2006) (citation omitted). So, Malone cannot maintain a cause of action for violation of the Taxpayer Bill of Rights against the Individual Defendants. As for the remaining defendants, to pursue a civil action under Section 7433, a plaintiff must allege that Defendants violated a statute or regulation in connection with the collection of her taxes. *Gray v. United States*, 723 F.3d 795, 802 (7th Cir. 2013) (citations omitted).

It appears Malone identifies three tax collection statutes that Defendants have purportedly violated: 26 U.S.C. §§ 6213(a), 6020(b), and 6702(c). (Am. Compl. ¶¶ 24-25, 27). As to Section 6213(a), Malone alleges a violation of this statute because he was assessed a tax deficiency for tax year 2016 without receiving a Notice of Deficiency. (Am. Compl. ¶¶ 24, 27); *see Allnutt v. Commissioner*, 523 F.3d 406, 411-12 (4th Cir. 2008) ("As a general rule, no [deficiency] assessment can be made until a notice of deficiency has been mailed to the taxpayer." (citing 26 U.S.C. § 6213(a))). This argument is clearly without merit because Malone himself included in the record the IRS's 2016 Notice of Deficiency. (Pl.'s Mot. Dismiss Ex. A, DN 4-1; Pl.'s Mot. Compel Cease & Desist Ex. A, DN 5-1); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

8

308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference . . . ." (citation omitted)); *see also Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 782 (S.D. Ohio 2009) ("The court may also consider documents . . . attache[d] to a motion to dismiss if the documents are referred to in the complaint and are central to Plaintiff's claims." (citation omitted)).  While Malone asks this Court to declare the 2016 Notice of Deficiency invalid, as discussed earlier, this Court is without jurisdiction to do so.  *Cooper*, 718 F.3d at 221 (citing *Clintwood Elkhorn Mining Co.*, 553 U.S. at 7-8).

Regarding the alleged violation of Section 6020(b), Malone claims that the IRS was required to file a Section 6020(b) tax return before assessing him a penalty.  (Am. Compl. ¶¶ 25, 27).  Malone's claim here is meritless because "[t]he Internal Revenue Code's deficiency procedures 'do not require the Commissioner to prepare a return on a taxpayer's behalf before determining and issuing a notice of deficiency.'"  *Geiselman v. United States*, 961 F.2d 1, 5 (1st Cir. 1992) (quoting *Roat v. Comm'r*, 847 F.2d 1379, 1381 (9th Cir. 1988)).  In other words, "the text of section 6020(b) . . . authorizes the Secretary to file a return for a taxpayer.  . . . [A]lthough the section authorizes the Secretary to file for a taxpayer, the statute does not *require* such a filing, nor does it relieve the taxpayer of the duty of file."  *United States v. Stafford*, 983 F.2d 25, 27 (5th Cir. 1993) (emphasis added).  Malone's claim for a violation of Section 6020(b) is premised on a flawed assumption, that the IRS is required to file a Section 6020(b) tax return, and it therefore fails.

Finally, Malone alleges that Defendants violated Section 6702(c) by failing to explain why the IRS characterized his tax returns as frivolous.  (Am. Compl. ¶ 27).  Malone appears to assert that he received insufficient notice from the IRS as to the reasons for its assessment of a penalty

against him. A similar argument was rejected by a sister court in *Franklet v. United States*, 578 F. Supp. 1552, 1559 (N.D. Cal. 1984). In *Franklet*, the plaintiffs "assert[ed] that the IRS notice informing them of the penalties assessed against them violates both the statutory procedure prescribed for § 6702 penalties and their Fifth Amendment right to due process." *Id*. Each plaintiff, however, received a notice by the IRS akin to the notice received by Malone in this case—both notices "recite[] the assessment of the penalty, the taxable year for which it was assessed, and the statutory basis [i.e., Section 6702] for assessment." *Id.*; (Am. Compl. Ex. C, at 2-4, DN 1-3). The court in *Franklet* found no fault with the notice at issue in that case, and neither does this Court find fault with the notice Malone was issued.

Malone has not identified any other statute or regulation in connection with the collection of his taxes that Defendants are said to have violated, and so his purported claim for the violation of the Taxpayer Bill of Rights will be dismissed. *See Gust v. United States*, 789 F. Supp. 2d 58, 64-65 (D.D.C. 2011) (granting Fed. R. Civ. P. 12(b)(6) motion to dismiss because after the plaintiff did "not identify any statute or regulation that the IRS allegedly violated . . . ."). The only other potential statutory violations Malone references are those in connection with his attempt to seek a refund, but Section 7433 does not act as a vehicle through which a plaintiff can assert a violation of a tax refund statute or regulation. *See Goldberg v. United States*, 881 F.3d 529, 533-36 (7th Cir. 2018); *Robertson v. United States*, 147 F. App'x 308, 309-10 (3d Cir. 2005); *Gonzalves v. Internal Revenue Serv.*, 975 F.2d 13, 15-17 (1st Cir. 1992).

For these reasons, Count II will be dismissed in its entirety.

### D. Freedom of Information Act Claims

Finally, Malone asserts claims against Defendants under the Freedom of Information Act ("FOIA"). (Am. Compl. ¶¶ 34-38). "FOIA authorizes claims against federal agencies, not

individuals[,]" so to the extent that Malone seeks to assert FOIA claims against the Individual Defendants in this case those claims will be dismissed. *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992) (citations omitted).

Defendants ask this Court to review this portion of their motion to dismiss as one of a motion for summary judgment. In relevant part, Fed. R. Civ. P. 12 provides:

> If[] on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Defendants argue that Malone failed to exhaust his administrative remedies with respect to his FOIA claims and thus his FOIA claims here should be dismissed. (Defs.' Mem. Supp. Mot. Dismiss 5-11, DN 14-1).

As an initial matter, Sixth Circuit case law suggests that a district court's conversion of a 12(b)(6) motion to dismiss into one of summary judgment on a pro se plaintiff's claims without formal notice is erroneous. *See, e.g.*, *Bruce v. Corr. Med. Servs., Inc.*, 389 F. App'x 462, 465 (6th Cir. 2010) ("Bruce, a pro se petitioner, was likely to be surprised by the district court's decision and should have been given notice that the court was going to treat the motion, with regards to the exhaustion . . . issue[], as one for summary judgment, and afforded an opportunity to present materials outside the pleadings on those issues. Failure to do so was error and, thus, the case must be remanded to the district court."). This rule exists presumably because a claim dismissed on summary judgment is a ruling on the merits, meaning that the claim has been dismissed with prejudice. *See Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194-195 (5th Cir. 2011) ("[A] motion for summary judgment 'is necessarily granted with prejudice.'" (citations omitted)). However, a dismissal of Malone's FOIA claims without prejudice would alleviate any prejudice to Malone from treating Defendants' motion on his FOIA claims as one of summary judgment without

11

affording any further opportunity for Malone to respond.  *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487-88 (6th Cir. 2009) ("[T]he notice requirement is flexible and . . . a failure to give notice will result only if there was sufficient prejudice to the non-moving party."  (citation omitted)); *see also Carter v. United States*, No. 1:16-cv-530, 2016 WL 4382725, at *3-4 (S.D. Ohio Aug. 16, 2016) (evaluating defendants' motions to dismiss on plaintiff's FOIA claim under summary judgment standards and granting it but dismissing FOIA claim without prejudice for failure to exhaust administrative remedies).  Additionally, Malone had an opportunity to respond to Defendants' motion and did not do so.  Although Defendants' motion to dismiss on Malone's FOIA claims will be evaluated under the summary judgment standard, Malone's FOIA claims will be dismissed without prejudice.

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law.  *See* Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted).  Rather, the non-moving party must demonstrate that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing

that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

On March 19, 2019, Malone submitted fifteen separate FOIA requests to the IRS. (Am. Compl. Ex. D, at 2-16, DN 8-4). Within ten days, the IRS responded to all fifteen requests, asking that Malone send proof of his identity for some of his requests and denying others. (Am. Compl. Ex. D, at 17-40). Two months later, on May 22, Malone sent another round of FOIA requests. (Am. Compl. Ex. D, at 42-50). The IRS responded to these requests by June 13, having found no responsive documents to some of the requests and denying the others. (Am. Compl. Ex. D, at 53-70). Defendants have submitted the declaration of an IRS official, stating in relevant part, "The Service has no record of Dean Edward Malone submitting a FOIA appeal." (Defs.' Mot. Dismiss Ex. 2, at ¶ 19, DN 14-2); *see Davidson v. Fed. Bureau of Prisons*, No. 5:12-cv-351-JMH, 2017 WL 1217168, at *11 (E.D. Ky. Mar. 31, 2017) ("The plaintiff in a FOIA action bears the burden of demonstrating not merely that he mailed a request, but that the agency actually received it." (citing *Tunchez v. U.S. Dep't of Justice*, 715 F. Supp. 2d 49, 53 (D.D.C. 2010))). Defendants' entire argument, therefore, is that Malone's FOIA claims should be dismissed due to his failure to exhaust administrative remedies, specifically, for failing to appeal the IRS's responses to his requests. (Defs.' Mem. Supp. Mot. Dismiss 5-11).

It is possible for an individual to have been deemed to have constructively exhausted his or her administrative remedies, which would permit suit in this Court. This occurs if the agency fails to respond to the individual's FOIA requests within twenty working days. *See Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 86-87 (D.D.C. 2018) (citations omitted). "But, if the agency responds to the FOIA request before the requester files suit, the [twenty-day]

constructive exhaustion provision . . . no longer applies; actual exhaustion of administrative remedies is required." *Id*. at 87 (alteration in original) (internal quotation marks omitted) (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).   Here, Malone's own submissions into the record reflect that the IRS responded to all of his FOIA requests within a period of twenty working days.  (Am. Compl. Ex. D, at 2-70).  As such, the IRS has established that Malone cannot be deemed to have constructively exhausted his administrative remedies to afford him suit in this Court, and Malone must therefore establish the actual exhaustion of his administrative remedies.

"Before the district court may hear a FOIA request, . . . a plaintiff in the Sixth Circuit must first exhaust his or her administrative remedies.  The FOIA exhaustion requirement includes following the agency's administrative appellate procedures." *Gallahue v. United States*, No. 3:16-cv-00242-CRS, 2016 WL 6699260, at *3 (W.D. Ky. Nov. 14, 2016) (internal citations omitted) (citation omitted).  Malone has not refuted the IRS representative's declaration that Malone did not appeal any of the IRS's determinations on his FOIA requests.  (Defs.' Mot. Dismiss Ex. 2, at ¶ 19).  Malone has therefore failed to show he exhausted his administrative remedies, and his FOIA claims will be dismissed for this reason.  *See id.* at *3-5 (dismissing plaintiffs' FOIA claims for failing to appeal agency's decisions).

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to Dismiss (DN 4) and Plaintiff's Motions to Compel (DNs 5, 6) are **DENIED**.

2.      Defendants' Motion to Dismiss (DN 14) is **GRANTED**.   All of Plaintiff's claims against Defendants are **DISMISSED**.   The Clerk is directed to strike this matter from the active docket.

Greg N. Stivers, Chief Judge

United States District Court

July 6, 2020

cc:      counsel of record
        Dean Edward Malone, *pro se*